SAMUEL H. SAWYER, *in Eq.*, *versus* ARTHUR NOBLE *& al.*

A bill, alleging that the complainant and one of the respondents were co-partners, and praying for a settlement of the partnership concerns; and alleging a fraudulent sale of all the property of the firm by one of the respondents to the other, and praying that such sale may be declared void, is bad for multifariousness.

BILL IN EQUITY, heard on demurrer.

The bill substantially alleges that the complainant and the defendant Noble, on March 20, 1863, by parol agreement, entered into a co-partnership in the clothing business, each contributing same amount of capital; that, in the prosecution of their business, the complainant, from time to time, advanced of his private funds for the purposes of the firm various sums, amounting in all to $5000, which have never been repaid, but remain due; that on Oct. 30, 1866, the firm owned $10,000 worth of goods, and had $3,000 due them from divers persons; that the firm were indebted to various persons, but that the complainant is unable to state the amounts or names of creditors, because ever since July 4, 1866, the whole business has been conducted by said Noble, without consultation with the complainant, from whom said Noble had concealed and withheld all knowledge of the firm's affairs.

The bill further alleges that, about Oct. 30, 1866, without the complainant's knowledge or consent, and for the purpose of defrauding the complainant and of excluding

him from the good-will of the firm, and to obtain and hold the same to the said Noble, he, the said Noble, colluding with the said Randall, (the other respondent,) in said fraudulent purpose, and the said Randall consenting and agreeing thereto, and well knowing that the complainant had no knowledge, and did not, and would not, if he had had knowledge, consent thereto, made a pretended sale of the whole ' stock of said co-partnership and the good-will of its business to said Randall, who has since claimed and still claims to own the same, but that said sale was collusive and fraud-, ulent, &c.

And the bill further alleges that, in pursuance of the fraudulent intention of said Noble, he advertised a dissolution of said firm on said 30th October; that since said pretended sale, the possession, care, custody and control of the business has remained solely with said Noble; that Noble has retained all the assets and books, and has not paid the debts due from said firm nor the amount due the complainant, but refuses to settle with the complainant, &c.

The prayer is for a settlement and that the sale may be declared void, &c.

The respondents demurred.

*S. C. Strout & Gage* for the complainant.

*Davis & Drummond,* for the respondents,

Upon the point that the bill is multifarious, cited *Ward* v. *Northumberland,* 2 Anst., 469, 477; *Boyd* v. *Hoyt,* 5 Paige, 65; *Swift* v. *Eckford,* 6 Paige, 22; Story's Eq. Pl., 271; 1 Dan. Ch. Pr., (Perkins' Ed.,) 342 and note; *McLellan* v. *Osborne,* 51 Maine, 118; *West* v. *Randall,* 2 Mason, 181, 200, 201; *White* v. *Curtis,* 2 Gray, 467; *Metcalf* v. *Cady,* 8 Allen, 587.

APPLETON, C. J. — The bill alleges that the complainant and Noble were partners, and prays for the settlement of the partnership concerns, and to set aside an alleged fraud-

ulent sale of all the effects of the firm by said Noble to the defendant Randall.

It is obvious that Randall is in no way interested in the adjustment of the affairs of Sawyer & Co.

"If a joint claim, against two or more defendants, is improperly joined in the same bill, with a separate claim against one of these defendants only, in which the other defendants have no interest, and which is wholly unconnected with the claim against them, all or either of the defendants may demur to the whole bill for multifariousness." *Swift* v. *Eckford*, 6 Paige, 22; *Boyd* v. *Hoyt*, 5 Paige, 65. "By multifariousness in a bill is meant the improperly joining in one bill, distinct and independent matters, and thereby confounding them; as, for example, the uniting in one bill of several matters perfectly distinct and unconnected, against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill." Story's Eq. Plead., § 271; 1 Daniel's Ch. Prac., 383; *Whittier* v. *Whittier*, 36 N. H., 326.

The settlement of the affairs of the firm, and the rescission of a fraudulent sale, are distinct and unconnected matters, and properly to be determined in separate suits. The defendant Randall, having no interest in the firm, is not a proper party to a bill for the adjustment of its affairs.

*Demurrer sustained.*

KENT, WALTON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.