MILLS *v.* HURD and others. (No. 532, and Three Other Cases.)

(*Circuit Court, D. Connecticut.* September 19, 1887.)

1. EQUITY—PLEADING—MULTIFARIOUSNESS—PRAYER FOR ACCOUNTING AND INJUNCTION.

Complainant, a stockholder, trustee, and creditor of an unincorporated association, brought a bill against his co-trustees for the winding up of the affairs of the company on account of gross mismanagement, for an accounting, and the appointment of a receiver; also praying for an injunction against a proposed fraudulent sale by the trustees of a large portion of the property of the association. *Held,* that such a prayer did not make the bill multifarious.

2. SAME—ENJOINING SALE—VENDEE PROPER PARTY.

In a bill for an accounting by a member of an unincorporated association, and praying an injunction against a proposed fraudulent sale, it is proper to make the proposed vendee a party to the suit, although he may have no interest in the accounting.

*Goodwin Stoddard* and *H. C. Robinson,* for Consolidated Rolling Stock Co. and others, defendants.

*Wm. C. Case* and *T. M. Maltbie,* for John Hurd.

*Wm. A. Underwood* and *A. Howells,* for plaintiff.

SHIPMAN, J. This is a demurrer to a bill in equity on the ground of multifariousness in improperly joining distinct and independent matters in one bill. The facts in the case, as they appeared upon the plaintiff's motion for a preliminary injunction, are stated in *Mills* v. *Hurd,* 29 Fed. Rep. 410.

The bill in No. 532 alleges, in substance, as follows: The plaintiff and the defendant Hurd were the originators of the unincorporated association or partnership *sub modo* formed for the purpose of owning and leasing railroad freight cars, known as the Bridgeport Rolling-Stock Association, were the original trustees thereof, and are still trustees. Hurd was and is its president and treasurer. All the stock of said company was issued to him. He furnished to it freight cars which he claimed were furnished in exchange for said stock. These shares he afterwards sold to sundry persons. He has had the entire management of the moneys and property of said association. The plaintiff is a stockholder in, and creditor of, said association. Subsequently the defendants Ritchie, Trubee, and Cogswell became trustees. The bill then sets out at length the particulars in which Hurd has mismanaged and misappropriated the property and funds of said association, has failed to render proper and accurate accounts, and has been guilty of a breach of his obligation, as a trustee and manager. It alleges that he has a large amount of its funds in his hands which he refuses to pay or account for properly, that there is no hope of his coming to an honest account with said association, or voluntarily or honestly distributing its assets, and that said Ritchie, Trubee, and Cogswell are supine, and either will not or cannot afford any assistance to the stockholders in this regard. The bill further alleges that the four trustees, other than himself, have made an

agreement with the Consolidated Rolling-Stock Company, also a defendant, and claiming to be a Connecticut corporation, whereby all the cars belonging to the Bridgeport Company, and some of its funds, and all the cars of three other companies, are to be conveyed to said Consolidated Company; that said conveyance is to be without consideration, except an issue, in the future, to the stockholders in said four associations, of the shares of stock of the Consolidated Company, in exchange for their respective shares in said associations, leaving shareholders, who were unwilling to make said exchange, subject to such terms as said corporation may offer, or else to a resort to legal remedies; that this scheme is promoted by said defendant trustees without the consent or request of the majority of the stockholders, and, if carried out, would be a fraud upon their rights; that said transfer is intended by said four trustees and those having control of said Consolidated Company to be fraudulent and for the purpose of putting and leaving the shareholders in the position which has been described, and that said conveyance, notwithstanding the protest of the plaintiff, is about to be made. The prayer is for an account by said Hurd, and by the other trustees, of all his and their financial dealings with said company; that all the defendant trustees may be enjoined against selling or disposing of any of the assets of said company to the new corporation, or to any other person, and from collecting any dues belonging to said companies; that the Consolidated Company may also be enjoined against purchasing the cars or other assets of said association; that the affairs of said company may be wound up, its property sold, and the proceeds distributed among the shareholders, and that this may be done by the aid of a receiver, who shall take possession of its property.

The three other bills make the same allegations and the same prayers, *mutatis mutandis*, in regard to the three other companies.

The bill is by a stockholder, trustee, and creditor of an unincorporated association against his co-trustees, in which a number of the Connecticut stockholders are also made defendants, praying for a winding up of the affairs of the association, on account of the gross mismanagement and fraud of its manager, and the supineness of its co-trustees, and for an accounting by them all in regard to the property and funds of said association, and for an injunction against a proposed fraudulent sale of a large portion of its property, in which intended fraud the defendant trustees and the proposed vendee participate. The bill makes no different or additional allegations on account of the different characters in which the plaintiff presents himself.

It must be observed, and this I conceive to be the important point upon this demurrer, that all the allegations in regard to the sale relate to a proposed sale only. It is not alleged that such sale has been consummated, nor is there any prayer for its cancellation, or for a return of the property in the hands of the Consolidated Company to the receiver. The prayers in regard to a delivery of property relate only to the trustees. If the bill had counted upon an executed sale, and had prayed, not only for the winding up and settlement of the business of the company or

partnership, but for a rescission of a fraudulent sale made by a majority of its managers to a third person, and a return to the receiver of the property so attempted to be sold, a question would have arisen upon which the authorities differ, and which is, in my opinion, to be determined by the allegations and facts in each particular case. The cases of *Sawyer* v. *Noble*, 55 Me. 227, cited with approbation in *Walker* v. *Powers*, 104 U. S. 245, and *Salvidge* v. *Hyde*, Jacob, 151, are examples of the views which courts have taken against the union of such matters upon the ground that they are independent. The cases of *Hayes* v. *Heyer*, 4 Sandf. Ch. 485, and of *Attorney General* v. *Cradock*, 3 Mylne & C. 85, are examples of a different view, which was based, in the latter case, upon a state of facts peculiar to itself.

The bill is, then, in substance, for the winding up of the affairs of the Bridgeport Company, and an accounting by its trustees and manager, and also asks for an injunction against a proposed sale upon the ground that, if consummated, it would be the execution of an intended fraud, and would still further waste the assets of the company. Such a prayer does not make a bill multifarious, for it would be a technicality, without foundation, if a partner could not, in addition to his remedies against the already consummated frauds of his copartners, ask, in the same bill, for a preventive remedy against a fraud not already consummated, which is being planned, and which, if completed, would result in the scattering of his property. It is proper in such a bill for an accounting by one partner, if an injunction is asked against a proposed fraudulent sale, to make the proposed vendee a party to the suit, although he may have no interest in the accounting. 2 Lindl. Partn. 880; *Bevan* v. *Lewis*, 1 Sim. 378. So far as the defendant trustees are concerned, the bill does not join distinct causes of action. Its object is to show the necessity of a winding up by judicial action. The weight of the allegations is upon Mr. Hurd, but the necessity of a winding up by the interposition of a court is enforced by the averment that the other trustees are too negligent and inattentive to do the work themselves.

I have intentionally refrained from a discussion of the general principles in regard to multifariousness, mindful that the attempt to state abstract propositions in regard to the subject is not fruitful of benefit. "Every case must be governed by its own circumstances." *Gaines* v. *Chew*, 2 How. 619.

The demurrer is not allowed.